**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 05-121ML** |
| | ) | |
| **RICHARD VANENBURG** | ) | |

---

**MOTION FOR DISCLOSURE OF RECORDS OF TELEPHONE CALLS OF GOVERNMENT INFORMANTS**

Now comes the accused, Richard Vanenburg, by and through his counsel, and moves this Honorable Court to direct the government to provide to defense counsel copies of any telephone records, including telephone numbers for any informant who had contact with the defendant, Richard Vanenburg, in the course of this investigation. In addition, the defendant seeks copies of any notes or reports of any meetings between any informant and the defendant which preceded the events leading up to defendant's indictment in this case.

Respectfully submitted
Richard Vanenburg
By his attorney,

Edward C. Roy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281

**CERTIFICATION**

I hereby certify that I hand-delivered a copy of this motion, to Stephen G. Dambruch, Assistant United States Attorney, on December 2nd, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No. 05-121 ML |
| RICHARD VANENBURG | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCLOSURE OF TELEPHONE CALLS OF GIVERNMENT INFORMANTS**

The defendant, Richard Vanenburg, has moved for copies of any telephone records, telephone numbers, notes or reports relating to phone calls made by informants to the defendant in connection with this investigation. The defendant seeks this information to evaluate the possibility of a defense of entrapment.

The defendant would expect to demonstrate that two government informants introduced him to ATF Special Agent Kevin McNamara, who was the person to whom cocaine was allegedly exchanged for firearms. The extent to which informants working for the government had "targeted" the defendant and "induced" him to meet with and negotiate with Special Agent McNamara is potentially relevant on the second tier of an entrapment analysis, the extent to which the defendant was pre-disposed to commit the crimes for which he was charged. *See* United States v. Sanchez, 424 F.3d 65 (1st Cir. 2005); United States v. Rodriguez, 858 F.2d 809, 812 (1st Cir. 1988). As such, any evidence tending to show that the defendant was not pre-disposed, and that the government pressured him to meet with Special Agent McNamara is exculpatory under Brady v. Maryland, 373 U.S. 83 (1963).

Richard Vanenburg,
By his attorney,

EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

**CERTIFICATION**

On the 2nd day of December, 2005, I hereby certify that I hand-delivered a copy of the within to Stephanie Browne, AUSA, at her office address on this date.

______________________________