IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
)
v. ) Cr. No. 05-121ML
)
RICHARD VANENBURG )

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF TELEPHONE CALLS OF GOVERNMENT INFORMANTS

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and Stephanie S. Browne, Assistant U.S. Attorney, and hereby responds to defendant's Motion for Disclosure of Telephone Calls of Government Informants.

Although defendant couches his request as one for information concerning possible calls made by government informants to him, this request is a veiled attempt to discover the identity(ies) of any confidential informant(s) who may have had contact with defendant prior to his commission of the charged offense. "[S]peculation . . . is not sufficient to meet the heavy burden which rests on an accused to establish that the identity of an informant is necessary to his defense." United States v. Giry, 818 F.2d 120, 130 (1st Cir. 1987). The defendant claims that the requested information is "potentially relevant" to whether he was predisposed to commit the charged offenses. Whether and to what extent a defense of entrapment exists is particularly within the knowledge and control of defendant. He knows with whom he dealt, how often he spoke with any particular person, etc. He has the ability to obtain his own telephone records through the use of a subpoena, he does not need the government in order to get that information.

The Court should also be aware that defendant has made post-arrest statements and admissions that he had traded a firearm for drugs two years before the instant arrest; that he knew

the person with whom he dealt in this case was an undercover officer but that he "wanted the firearms;" that crack cocaine located in another's apartment was his; that he was a small-scale crack dealer; and that a firearm located at an apartment was his. All of these admissions belie any entrapment defense.

The government recognizes its present and continuing obligation under Brady v. Maryland, 373 U.S. 83 (1963). We have and will continue to turn over to defendants all identified exculpatory material within the meaning of Brady and United States v. Agurs, 427 U.S. 97 (1976), in time for its effective use at trial. United States v. Peters, 732 F.2d 1004, 1009 (lst Cir. 1984). There is a limit, however, to the scope of material to which the defense is entitled under Brady and Agurs.

"There is no general constitutional right to discovery in a criminal case, and Brady did not create one." Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Scott, 524 F.2d 465, 467 (5th Cir. 1975) ("This Court and others have recognized that the rule in Brady is not a pretrial remedy and was not intended to override the mandate of the Jencks Act").

The First Circuit has reaffirmed that the discovery required by Brady is limited. In United States v. DeLeo, 422 F.2d 487, 498 (lst Cir. 1970), *cert. denied*, 397 U.S. 1037, this circuit said: "We do not read those cases to authorize extensive pretrial discovery by the defendant." The First Circuit also recognizes that Brady does not require the government to search its files for exculpatory or impeaching evidence, regardless of whether it has the resources to do so. In United States v. Edgewood Health Care Center, Inc., 608 F.2d 13, 15 (lst Cir. 1979), *cert. denied*, 441 U.S. 1045, the court said:

> Nonetheless, Edgewood puts forward the expansive proposition that the prosecution was obliged, on its own initiative, to search all official or semi-official files and materials in any way related to appellant or this action for exculpatory information which, in appellants' words, "may or may not have existed."
>
> * * *
>
> Edgewood has cited, and we have found, no authority for placing such a duty on the government in these circumstances. Appellant

> simply insists that the supposedly vast resources and the large number of trained personnel available to the prosecutor should have been utilized for Edgewood's benefit to facilitate a review of all possibly relevant records held by government or government-regulated agencies. This position goes well beyond any requirements of the law.

Further it is clear from Agurs, 427 U.S. at 109-110, that, in response to a request for exculpatory evidence, the prosecution does not have a constitutional duty to disclose every bit of information that might somehow affect the jury's decision: "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial does not establish 'materiality' in the constitutional sense." A showing of materiality is "not satisfied by a mere conclusory allegation that the requested information is material to the preparation of the defense." United States v. Conder, 423 F.2d 904, 910 (6th Cir. 1970), *cert. denied*, 400 U.S. 958. The government is simply not obligated to provide the defendant with all evidence which might conceivably assist him in the preparation of his defense. United States v. LeRoy, 687 F.2d 610, 619 (2d Cir. 1982).

To the extent that the defendant seeks to use Brady as the basis for discovery of witnesses who might somehow be useful to the defense, he overreaches. The cases clearly state that the government is under no duty to comply with such a request because it places an impossible burden on the government. United States v. Moore, 439 F.2d 1107, 1108 (6th Cir. 1971); United States v. Gonzalez, 466 F.2d 1286, 1288 (5th Cir. 1972); United States v. Ahmad, 53 F.R.D. 186, 193-94 (M.D. Pa. 1971). Nor is the government obliged under Brady to furnish a defendant with information which he already has or, with any reasonable diligence, can obtain himself. United States v. Campagnuolo, 592 F.2d 852, 861 (5th Cir. 1979); United States v. Steffen, 641 F.2d 591, 594 (8th Cir. 1981), *cert. denied*, 452 U.S. 943. Clearly, defendant has equal if not more access than the government, to his own telephone records.

Defendant's motion should also be viewed as an attempt to gain the identity of a

confidential informant who was not a percipient witness to the crimes charged. While he asks for telephone records, that information would identify the confidential informant(s) just as readily as if the government were to release a name or names.

The First Circuit Court has stated that mere speculation as to the usefulness of an informant's testimony to a defendant is insufficient to justify disclosure of the informant's identity. A defendant must indicate some concrete circumstances that might outweigh both the public interest in encouraging the flow of information and the informant's private interest in his own safety. United States v. Estrella, 567 F.2d 1151 (1st Cir. 1977). The Estrella Court found that the defendant failed to meet his burden where the informant did not deal directly with the defendant, the informant was not a significant participant in the crimes charged, and there was no indication that this testimony would be other than cumulative. In United States v. Hemmer, 729 F.2d 10 (1st Cir. 1984), the Court held that the government had a qualified privilege to withhold the identity of a person who furnished information of law violations to the police. The informant was not a witness or a participant in the crime, but rather a tipster. The court said that in cases which involve a tipster type of informant who merely conveys information of the government but neither witnesses nor participates in the crime, the various courts generally hold that disclosure is not material and, therefore, not required. In United States v. House, 604 F.2d 1135 (8th Cir. 1979), the defendant was charged and convicted of possession of a controlled substance with intent to distribute and possession of a controlled substance. The evidence was seized from the defendant's apartment and vehicle during the execution of two search warrants. A confidential and reliable informant had told the affiant police officer that within the past seventy-two hours he had been in the defendant's apartment and had seen him in possession of a large quantity of controlled substances offered for sale. A search of the apartment uncovered the controlled substances. The defendant arrived at the apartment an hour after the search had begun. The defendant argued on two grounds the need for the informant's identity. First, because every

person at the apartment within the seventy-two hour period had signed an affidavit that he/she was not an informant, the informant's identity could prove that the affiant intentionally or recklessly misrepresented the informant's existence of knowledge. Second, the informant was a material defense witness who could testify that the drugs found by the police did not belong to the defendant. The Court ruled that the informant was a mere tipster. He was not a witness to a drug transaction. The Court noted that the defendant was not charged with the sale of drugs, but with possession with intent to distribute.

Several other courts have also ruled against revealing the identity of an informant. *See* United States v. Tenorio-Angel, 756 F.2d 1505, 1508 (11th Cir. 1985) (disclosure of an informant's location was not required even where the informant introduced agents to the defendant and witnessed part of the criminal activity); United States v. Glen-Archila, 677 F.2d 809, 816 (11th Cir. 1982) (claims that an informant would testify he did not see the defendant load marihuana onto a ship and did not meet the defendant among the coconspirators was insufficient to show the defendant did not know the nature of the cargo or that he was not a coconspirator); United States v. Hare, 589 F.2d 242 (5th Cir. 1979) (the theory that the informant would testify that the defendant did not have knowing possession of certain drugs and firearms did not justify revealing the informant's identity).

The Government obviously has strong interests in protecting the flow of information regarding drug transactions. It might well be that informants in this case will continue to provide information to the agents and the police. In addition, the physical safety of an informant is threatened once his identity becomes known, especially in drug cases. The government contends that these public interest considerations far outweigh defendant's rights as alleged by him. Where, as in this case, no informant participated in the offenses for which defendant is charged, nor was any informant present at the scene of the offenses, the informants are mere tipsters. The First Circuit has held "with a regularity bordering on the echolalic that tipsters, as opposed to

informants who are active participants in the crimes charged, generally deserve anonymity." United States v. Robinson, 144 F.3d 104, 107 (1st Cir. 1998).

For all of the foregoing reasons, defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

STEPHANIE S. BROWNE
Assistant U.S. Attorney

**CERTIFICATION OF SERVICE**

I hereby certify that on this 6th day of December, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Response To Defendant's Motion For Disclosure of Telephone Calls of Government Informants to the following:

Edward C. Roy, Esq.
Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

Paula Harsey