UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR. No. 05- 121ML
:
RICHARD S. VANENBURG :

PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and the defendant, RICHARD S. VANENBURG have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will plead guilty to Counts I, II, and III of the Indictment, which charges Defendant with distribution of five grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(B); with possession of two firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm after having been previously convicted of a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C. § 922(g)(1).

b. The defendant hereby agrees and acknowledges that he has been previously convicted in Connecticut of sale of a hallucinogen/narcotic (docket no. CR99-0253966-T) and possession

of narcotics (docket no. CR91-0202291-S), both of which constitute convictions for felony drug offenses pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851. The Defendant agrees that he will not seek to vacate any prior criminal convictions, including, but not limited to, either the conviction for sale of a hallucinogen/narcotic (Connecticut docket no. CR99-0253966-T) or the conviction for the possession of narcotics (Connecticut docket no. CR91-0202291-S); except that he may pose a challenge on constitutional grounds only as to the conviction for sale of a hallucinogen/narcotic (Connecticut docket no. CR99-0253966-T).

c. Defendant further agrees, upon execution of this agreement, to cooperate with the United States as follows:

(i) Defendant will meet with government representatives as often as necessary and provide complete and truthful information to them.

(ii) Defendant will appear and testify completely and truthfully in any and all legal proceedings, including, but not limited to, grand jury, pre-trial, trial, re-trial, and sentencing proceedings.

(iii) Defendant understands that any and all statements, information, and testimony Defendant provides must at all times be complete and truthful. If, at any time, Defendant wilfully provides any false statement, information, or testimony, Defendant shall be subject to prosecution for doing so, including but not limited to prosecution for making a false statement,

obstruction of justice, and perjury.

2. Government's Obligations. In exchange for the defendant's pleas of guilty:

a. The government will recommend that the Court impose a term of imprisonment at the middle point of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines. If however, the defendant seeks a downward departure under the guidelines or advocates for a sentence below the guideline range, the government will then be free to recommend any term of imprisonment within the applicable guideline range found by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if the defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, the defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and the defendant enters a plea of guilty pursuant to this agreement, the government

will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless the defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and the defendant stipulate and agree to the following facts under the guidelines:

a. The defendant possessed two firearms that were present for and connected to the conduct set forth in Count I of the indictment and the government would have proven that fact beyond a reasonable doubt;

b. The substance involved in Count I was at least five grams but less than twenty grams of cocaine base in the form of crack cocaine and the government would have proven that fact

beyond a reasonable doubt; and,

c. The defendant used and/or possessed the two firearms set forth in Counts II and III of the indictment in connection with the commission of a drug trafficking offense and the government would have proven that fact beyond a reasonable doubt.

5. Except as expressly provided in the preceding paragraphs, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and the defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offenses to which the defendant is pleading are as follows:

Count I - Life imprisonment, with a mandatory minimum term of ten years imprisonment; a fine of $4,000,000; a term of supervised release of life, with a minimum mandatory term of eight years; and a mandatory special assessment of $100; and,

Count II - mandatory 5 years consecutive to the sentence imposed for Count I and a mandatory special assessment of $100; and,

Count III - 10 years imprisonment; a fine of up to $250,000; a term of supervised release of up to 3 years; and, a mandatory special assessment of $100.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are life

imprisonment, with a minimum mandatory term of fifteen years imprisonment; a fine of $4,250,000; and a term of supervised release of life, with a minimum mandatory term of eight years. The mandatory special assessment totals $300.

7. Defendant agrees that, after the defendant and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that he gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

9. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that he could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offenses to which he is pleading guilty, the defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, the defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which the defendant is pleading guilty. Defendant further understands

that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraphs 1, 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than the defendant expects, the defendant will not be allowed to withdraw his plea of guilty.

13. Defendant understands that he may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives his right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect

the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if the defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, the defendant shall not have the right to withdraw his guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced the defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to the defendant, and states that to the best of Counsel's knowledge and belief, the defendant understands the agreement.

18. Defendant states that he has read the agreement or has had it read to him, has discussed it with his Counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| RICHARD S. VANENBURG<br>Defendant | 12-30-05<br>Date |
| EDWARD C. ROY, ESQUIRE<br>Counsel for Defendant | 12-30-05<br>Date |
| STEPHANIE S. BROWNE<br>Assistant U.S. Attorney | 30 Dec 05<br>Date |
| MARY E. ROGERS<br>Assistant U.S. Attorney<br>Chief, ~~Criminal Division~~ OCDETF | 1-3-06<br>Date |