IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
: DOCKET NO. 05-00121-01ML
V. :
: SEPTEMBER 7, 2006
RICHARD VANENBURG

**DEFENDANT'S MEMORANDUM TO THE COURT**

Your Honor, I know this may be a little late to address to the court but it is an urgent issue pertaining to my guilty plea agreement with the government.

- I never received a copy of the plea agreement.
- I was coerced into signing it.
- I never received a full discovery package which is a Rule 16 (a)(I)(A) violation.
- I never saw any recordings or tapes that is the evidence against me.

"In order to be a constitutionally valid a guilty plea must be voluntary and intelligent." Bousley V. US 523 US 614, 618.

"A plea does not qualify as intelligent unless a criminal defendant first received a real notice of the true nature of the charge against him, the first and most universally recognized requirment of due process." Smith V. O'Grady 312 US 329, 334.

"Furthermore, because a guilty plea is an admission of all the elements of a formal criminal charge it cannot be truly voluntary unless the defendant possess and has understanding of the law in relation to the facts" McCarthy V. US 394 US 451, 466

My attorney was ineffective and coerced me into signing my guilty plea agreement.

- Never supplied pre-plea agreement or any agreement.
- Never supplied full discovery
- Never fully investigated drug quanitys.
- Never subpoeaned phone recrods to show entrapment.
- Never showed me any video or audio evidence against me.
- Never persued presedent case law pertaining to the government's 924(C) charge.

"Neither the supreme court nor the first circuit has considered whether the converse, bartering drugs for a firearm, also constitutes "USE" of a firearm. Moreover, there is a disagreement among those circuits that have considered the question."

Seventh Circuit has held that simply receiving a firearm as a payment for drugs is passive conduct that doest not amount to the kind of active "USE" required by Bailey V. US v. Westmoreland 122 F.3.d 431

- Attorney never put adequate time and effort into research for my case.

"Counsel's performance was deficient in that it fell below an objective standard of reasonable professional service. That the deficient representation prejuiced the defense so much that the results of the proceeding would have been different." Strickland V. Washington 466 US 668.

- Would have never plead guilty knowing what I know now.

The elements of the charge were never explained to the defendant, an error on counsel's part, which would have changed the outcome of the proceeding. "In the context of a guilty plea case, the second element requires that the petitioner prove that but for his counsel's errors, he would have not pled guilty and would have insisted on trial."

US V. Samples 897 F.2.d 193, 196 (5th Cir 1990)

Attorney lied and told me he would fight the governments 851 enhancement and failed to do so. In doing so he coerced me into signing the plea agreement.

The prosecution intimidated me by threating me with 27 years and taking me to trial. I was intiminated to taking the plea by the prosecution and my own lawyer. I would never have accepted this plea and would have insisted on trial had I known at the time what I know now.

Counsel and prosecution never supplied a copy of the plea agreement to me prior to me signing. My lawyer never attacked the 924(C) or 851 was promised. And the current plea stands.

Im currently looking at 15 years for a charge that does not fall in my range and a charge and enhancement that my lawyer never put adequate time and effort into researching.

Your honor, I pray the court will honor what I am about to ask. At this time I would like to withdraw from my coerced plea agreement with the government and be appointed new and effective counsel. Please your honor take this into consideration, its my life that is at stake here.

Thank you