IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
MAY 2 1 2008
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| (Plaintiff/Respondent), | * | |
| | * | D.C. [CRIM] DOCKET NOS. |
| - VS - | * | 05-00121-01ML |
| | * | |
| RICHARD VANENBURG, PRO SE, | * | |
| (DEFENDANT/PETITIONER), | * | |

* * * * * * * * *

PRO SE MOTION/APPLICATION IN THE NATURE OF REQUEST SEEKING APPROPRIATE RELIEF(S) IN THE FORM OF MODIFICATION/REDUCTION IN THE IMPOSED TERM OF IMPRISONMENT PURSUANT TO AND IN ACCORDANCE WITH 18 U.S.C. § 3582(C)(2) AND UNITED STATES SENTENCING GUIDELINES § 1B1.10(c)("USSG") BASED ON THE 2007 "CRACK COCAINE" AMENDMENT #9["706"] WHICH BECAME EFFECTIVE ON NOVEMBER 1ST, 2007, AND IS TO BE APPLIED RETROACTIVELY ON AND AFTER MARCH 3RD, 2008

---

**COMES NOW**, Petitioner **RICHARD VANENBURG** ... (hereinafter to be known as "Petitioner") ..., into and before this most Honorable Court and, acting on his own behalf in a **PRO SE** capacity do[es], hereby, submit the instant Motion, **IN PROPRIA PERSONA**, and, thereby, respectfully move(s) this Court to use its discretion and Grant the relief(s), herein, properly sought, pursuant to and in accordance with 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines § 1B1.10(c), as provided by the 2007 Guidelines Amendment #9 ["706"] and, to that extent, herein, represents the following in support thereof:

## I. STATEMENT(S) OF THE CASE

This instant case is a result of a Federal Criminal Indictment returned by a Federal Grand Jury sitting in the District of Rhode Island, on or about October 21st, 2005, and, therein, charging Petitioner with, inter alia, Distribution of five (5) grams of cocaine base, in violation of Title 21, U.S.C. § 841(a)(1) and § 841(b)(1)(B), a Class A Felony (Enhanced Penalty)(Count One), and Possession of Two Firearms in Furtherance of a Drug Trafficking Crime, in violation of Title 18, U.S.C. § 924(c)(1)(A), a Class A Felony (Count Two), and Possession of a Firearm by a Convicted Felon, in violation of Title 18, U.S.C. § 922(g)(1), a Class A Felony (Count Three).

On or about November 17th, 2005, the United States Attorney for the District of Rhode Island, filed an Information Charging Prior Offenses, thereby, notifying the Court that Petitioner had two prior felony drug offenses and convictions in the District of Connecticut, namely Possession of Narcotics (CR-91-0202291-S) and Sale of Hallucinogen/Narcotic (CR-99-0253966-T), and informing Petitioner of the government's intent of seeking enhancement.

On January 5th, 2006, Petitioner appeared with counsel before the Honorable Mary M. Lisi, U.S. District Court Judge, and plead guilty to the Three-Count Criminal Indictment. Sentencing was rescheduled to June 28th, 2006. On January 5th, 2006, an Amended Plea Agreement was also docketed and entered by the Courtroom Clerk.

The court Ordered the preparation of a Presentence Investigation ("PSI") Report.

The 2005 edition of the United States Sentencing Guidelines Manual was used to calculate Petitioner's applicable sentencing guidelines range.

The Presentence Investigation ("PSI") Report, prepared and submitted by June 20th, 2006, provided that Petitioner, under the Amended Plea Agreement, pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, a written, non-binding Plea Agreement was entered into between the government and Petitioner. Under the terms of the plea agreement, Petitioner agreed to plead to the indictment. Petitioner agreed that the total net weight of the cocaine base in the form of crack cocaine involved in Count I of the Indictment is at least 5 grams and that he possessed two firearms in furtherance of the drug trafficking offense listed in Count I. [See ¶ 6].

The Presentence Investigation ("PSI") Report listed Petitioner's Base Offense Level at 26, based in part on the 5.23 grams involved in this case [see ¶ 16], and assigned a Criminal History Category of III [see ¶ 44]. Petitioner received a three (3) Level downward adjustment for Acceptance of Responsibility, pursuant to and in accordance with §§ 3E1.1(a) and (b) of the United States Sentencing Guidelines ("USSG"), for a Total Adjusted Offense Level of 23.

The recommended guidelines range, under circumstances presented by the instant case, would be 57 to 71 month(s), however,

based on the mandatory minimum required by statute, the restricted guideline range is 120 months on Count I (Enhanced Penalty) and 60 months consecutive to any other sentence (Count 2). [See ¶ 61].

On or about September 7th, 2006, this court sentenced Petitioner to a total term of imprisonment for 180 month(s), and Petitioner is now serving this sentence at F.C.I. Fort Dix, in New Jersey.

Petitioner's projected release date is September , 2017.

In the United States Sentencing Guidelines Manual effective November 1st, 2007, the United States Sentencing Commission amended the Drug Quantity Table and reduced the offense level for an offense involving at least 50 grams but less than 150 grams of cocaine base by 2 levels to a level 30.

On December 12th, 2007, the United States Sentencing Commission announced its decision to apply the Amendments to the "crack/cocaine" guidelines retroactively effective March 3rd, 2008.

Pursuant to and in accordance with 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable,..."

Accordingly, pursuant to the Amendment, #9 ["706"], where 5 grams of cocaine base are now assigned a Base Offense Level of 24 (51 to 63 month(s) at Criminal History Category I, which includes the five-year [60 month(s)] statutory minimum for such offenses), and 50 grams of cocaine base are now assigned a Base Offense Level of 30 (97 to 121 month(s) at Criminal History Category I, which includes the ten-year [120 month(s)] statutory minimum for such offenses), the Base Offense Levels for 5 grams and 50 grams of cocaine base were levels 26 and 32, respectively, before Amendment #9, ["706"], to the United States Sentencing Guidelines ("USSG"). Cocaine base offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels and, based on the following, Petitioner rightly argues that he qualifies for, at least, the two (2) level reduction in the term of imprisonment imposed in this case:

(1) Under the retroactive application of the Amendment, #9 ["706"], to the sentencing guidelines, Petitioner's Base Offense Level is lowered to 24, and with the 3 level downward adjustment for the Acceptance of Responsibility, pursuant to and in accordance with § 3E1.1(a) and (b), the Total Adjusted Offense Level is now more accurately assigned at 21;

(2) At an Offense Level of 21 and a Criminal History Category III, the resulting guidelines imprisonment range is now 46 to 57 month(s), which corresponds to a significant reduction in Petitioner's imposed term of imprisonment;

(3) Because Petitioner, in this instance, clearly has been sentenced to a term of imprisonment ... [for, specifically, "crack/cocaine"] ..., above a level 12 and below a level 43, and based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Thus, Amendment "706" for "crack/ cocaine offenses and offenders, by its plain language, makes Petitioner eligible for consideration of a reduction in his imposed term of imprisonment and, herein, respectfully move(s) this Honorable Court to, accordingly, reduce and/or, otherwise, appropriately modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2), consistent with the factors set forth under section 3553(a), as the court is now required, after a full <u>de</u> <u>novo</u> re-sentencing hearing; and

(4) Presumably, the Government will agree, by separate pleading(s), that under the circumstances presented by the instant case, Petitioner, **RICHARD VANENBURG**, is entitled to the relief(s), hereby, rightly sought.

## II. <u>LEGAL ANALYSIS</u>

The United States Sentencing Commission amended the Drug Quantity Table in § 2D1.1, effective November 1st, 2007, so that crack quantities triggering the five - and ten - year mandatory minimums are assigned base offense levels two levels lower than before. The base offense levels for these quantities now correspond to guideline ranges that include (rather than exceed) the mandatory minimum. The Commission similarly adjusted the drug threshold quantities above, between, and below the mandatory

minimum thresholds, with the net result being that for "crack/ cocaine" offenses, base offense levels across the board are now two levels lower than they would have been before the Amendment, #9 ["706"], to the United States Sentencing Guidelines ("USSG"). See 72 Fed. Reg. 28, 558 and 28, 571-73; U.S.S.G.App. C, Supp. Amend. 706; U.S.S.G. § 2D1.1 (2007).

Thus, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). 28 U.S.C. § 994(o) requires the Commission to "periodically ... review and revise ... the guidelines." The Commission's policy statement on retroactivity is found at U.S.S.G. § 1B1.10, and the Amendments the Commission intends to have retroactive effect are listed in § 1B1.10(c).

On December 11th, 2007, the Commission voted to give retroactive effect, as of March 3rd, 2008, to the Amendment, #9 ["706"], to the "crack/cocaine" guideline, and also voted to amend § 1B1.10 in ways that could be used to deny or reduce by the two level reduction and to deny more than the two level reduction. Under amended § 1B1.10, any person serving a term of imprisonment for a crack cocaine offense will be eligible to

file a motion under 18 U.S.C. § 3582(c)(2), on or after March 3rd, 2008, and, thereby, have a court reduce his or her sentence. A sentencing court's authority to reopen and, if appropriate, reduce an imposed term of imprisonment under § 3582(c)(2) is triggered when the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to" its power to "review and revise ... the guidelines." The crack cocaine Amendment, #9 ["706"], to the United States Sentencing Guidelines ("USSG"), clearly fits within that description. Where, effective, November 1st, 2007, the Commission lowered the guidelines sentencing ranges for crack cocaine offenses by two levels, mainly because it found that the crack cocaine guidelines overpunished crack cocaine offenders and created unwarranted disparity between them and other drug offenders. On December 11th, 2007, the Commission voted unanimously to make that amended guideline retroactive. Nothing more is needed to trigger the court's authority to revisit a sentence under § 3582(c)(2).

## III. FORMAL REQUEST FOR A FULL DE NOVO RESENTENCING HEARING

Under the guidelines, a defendant has a right to a hearing whenever any factor important to the sentencing determination is "reasonably in dispute." Even under old § 1B1.10, if a court intended to rely upon facts not found at the initial sentencing in deciding a § 3582(c)(2) motion, the defendant was entitled to notice and a hearing. Now that revised § 1B1.10 advises that courts consider such facts in every case, there must also be a hearing at which the defendant can challenge the government's evidence and present his or her own. Thus, for all the[se]

reasons articulated below, Petitioner respectfully represents to the court, herein, that under the circumstances presented by the instant case a full de novo resentencing hearing is actually required and a formal request is, hereby, properly made for the entry of an Order to that effect and the scheduling of same. Such a hearing is warranted in this case, to afford Petitioner the due process right(s) and a fundamentally fair opportunity to fully establish, in an open and public forum, any and all rightful entitlement(s) to a modification/reduction in the term of imprisonment imposed, as provided under 18 U.S.C. § 3582(c)(2); properly raise any other relevant sentencing factors that have never been adequately addressed or considered before, in the context of those factors set forth at § 3553(a) and under the now advisory guideline scheme; and respond to any opposition, by the government, or argue the appropriateness and merit(s) of a non-guidelines sentence reduction ..., down to, at least, the mandatory minimum penalty of five (5) year(s) in this case ..., under the amended guidelines ranges applicable in this situation. The court is also asked to further Order a "new", updated, Presentence Investigation ("PSI") Report (to include Petitioner's status, conduct, and past history from the time he came under the supervision of the Bureau of Prisons), and the appointment of counsel (to assist Petitioner at such a proceeding). See, in this regard, **United States v. Forty Estremera**, 498 F.Supp.2d 468 (D.Puerto Rico 2007).

In any situation where new facts have to be marshaled and new arguments have to be made in aid of the court's sentencing

decision, the Constitution requires the assistance of counsel. Whereas the former version of § 1B1.10 did not permit courts to make new factual determinations beyond those made at the initial sentencing and application of the amended guideline was fairly mechanical, U.S.S.G. § 1B1.10, p.s., the policy statement has been revised to require the presentation of new facts and arguments. Revised § 1B1.10 provides that in determining whether a new sentence is warranted at all, and if so, whether it should be higher than the minimum of the amended guideline range, courts "shall consider" the § 3553(a) factors, "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a redcution in the defendant's term of imprisonment," and "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. § 1B1.10(b)(2)(A) & comment. (n. 1(B)). Under this new rubic, the Sixth Amendment requires defense counsel to marshal the facts and evidence against any allegation that public safety, post-sentence conduct, or any § 3553(a) factor should result in a sentence higher than the bottom or the amended guideline range, and to marshal the facts and evidence of mitigating circumstances under § 3553(a) in support of a sentence no greater than the bottom of the amended guideline range.

> United States v. Byfield, 391 F.3d 277, 280-81 (D.C. Cir. 2004)(court abused its discretion in failing to order evidentiary hearing where defendant's uncontroverted factual assertions in § 3582(c)(2) motion raised "enough of a smidgeon to put the matter 'reasonably in dispute'")(citing U.S.S.G. § 6A1.3). United States v. Bergman, 68 F.3d 471 (5th Cir. 1995) ("[w]here the amount of actaul P2P in a mixture is in doubt, and where the amount of P2P was the primary

factor in determining the defendant's sentence range, it is an abuse of discretion to deny a § 3582(c)(2) motion without further factual inquiry"). **United States v. Mueller**, 168 F.3d 186, 189-90 (5th Cir. 1999)("[g]iven the broad discretion the district court has in considering whether resentencing is appropriate [under § 3582(c)(2)] and given that Congress has dictated that the factors in § 3553(a) apply both to sentencing and resentencing," a district court must provide notice to a defendant and an opportunity to respond if it intends to consider information from sources outside the initial sentencing hearing); **United States v. Townsend**, 55 F.3d 168, 171-72 (5th Cir. 1995)(same). **United States v. DeMott**, 513 F.3d 55 (2nd Cir. 2008)("[D]istrict court violated Day's right to be present at resentencing, his right to counsel at resentencing, and his right to notice that the court intended to impose an adverse non-Guidelines sentence").

**Mempa v. Rhay**, 389 U.S. 128, 135 (1967)(Sixth Amendment guarantees right to counsel in a proceeding to revise sentence in which judge must recommend sentence to be served to parole board because "to the extent such recommendations are influential in determining the resulting sentence, the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent"); see also **Glover v. United States**, 531 U.S. 198, 203 (2001) ("any amount of actaul jail time has Sixth Amendment significance"). **Halbert v. Michigan**, 545 U.S. 605, 610 (2005)(Due Process and Equal Protection clauses require that if an avenue for relief is provided by statute, the government may not "bolt the door to equal justice to indigent defendants"). **Townsend v. Burke**, 334 U.S. 736, 740-41 (1948)(holding pre-**Gideon** that absence of counsel to correct inaccurate information in sentencing violated due process); see also **United States v. Davenport**, 200 Fed. Appx. 378, 379 (5th Cir. 2006)(Table)(reversing and remanding new sentence imposed under § 3582(c)(2) where district court erroneously calculated new guideline range applicable to a **pro se** defendant). **Turnbow v. Estelle**, 510 F.2d 127, 129 (5th Cir. 1975)(Sixth Amendment requires counsel even where judge has no power to select sentence and only has discretion to credit defendant with time spent in custody because "[t]he possibility that this discretion might have been exercised in favor of [the defendant] was sufficient to create a situation at the sentencing stage in which his 'substantial right' might have been affected").

Courts routinely ordered hearings to assist in deciding § 3582(c)(2) motions for a new sentence even before § 1B1.10 was

revised to invite the presentation of new facts and arguments not considered in the original sentencing to deny or reduce relief. See, e.g., Quesada-Mosquera v. United States, 243 685, 686 (2nd Cir. 2001); United States v. Etherton, 101 F.3d 80, 81 (9th Cir. 1996); United States v. Allison, 63 F.3d 350, 351 (5th Cir. 1995); United States v. Mimms, 43 F.3d 217, 219-20 (5th Cir. 1995); United States v. Forty Estremera, 498 F.Supp. 2d 468, 472 (. P.R. 2007); Settembrino v. United States, 125 F.Supp.2d 511, 517 (S.D. Fla. 2000). At least one has already done so in this context. See United States v. Moore, 2008 WL 161668, *2 (S.D. Ohio Jan. 15, 2008)(granting defendant's § 3582(c)(2) motion for resentencing under crack guideline and ordering a hearing to be scheduled following receipt of a new Presentence Investigation Report).

Because of new Application Note 1(B), cases finding no constitutional right to counsel under old § 1B1.10 are obsolete. See, e.g., United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000)(no right to counsel in § 3582(c)(2) proceeding where defendant did not allege ineffective assistance of counsel at or irregularities in original sentencing and pointed to no mitigating evidence that was not put before the sentencing court); United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995)(no right to counsel in § 3582(c)(2) proceeding where no disputed fact issue required the marshalling of facts or witness examination); see also Quesada-Mosquera v. United States, 243 F.3d 685, 686 (2nd Cir. 2001)(deciding pre-revised § 1B1.10 that because "post-sentencing efforts at rehabilitation are irrelevant to whether

the amendment would have lowered the sentencing range under which the defendant was originally sentenced ... those efforts could not constitute grounds for asking a court to resentence a defendant under 18 U.S.C. § 3582(c)(2)"); **United States v. Ninemire**, 2000 WL 1389618, *1-2 (D. Kan. May 16, 2000)(same).

Even if defense counsel were not constitutionally required, counsel should be appointed as a matter of discretion. See, e.g., **Carrington v. United States**, 503 F.3d 888, 889 (9th Cir. 2007) (noting without comment that district court appointed counsel to handle § 3582(c)(2) motions); **United States v. Allison**, 63 F.3d 350, 351 (5th Cir. 1995)(same). Defense counsel screens out cases in which relief is not available, negotiates for agreed upon orders, sensibly litigates issues that need to be litigated, avoids appeals and habeas petitions through sound advice and generally ensures the efficiency and reliability of the process. Most districts appear to be appointing counsel to represent every § 3582(c)(2) movant or potentially eligible inmate. See, e.g., **United States v. Womack**, 2008 WL 78782 (.D. Ill. Jan. 7, 2008) (discussing local administrative order requiring that counsel be appointed in every § 3582(c)(2) case). Without defense counsel, there can be no joint recommendations, because the government cannot negotiate directly with an inmate. See ABA Model Rule of Professional Conduct 4.3 (a lawyer shall not give advice, other than the advice to secure counsel, to an unrepresented person whose interests are adverse); ABA Standards, The Prosecution Function, Std. 3-4.1(b)(prosecutor should not engage in Plea discussions directly with an accused who is represented by

defense counsel, except with defense counsel's approval).

Once the authority to revisit the sentence has been triggered, the court still needs to ensure that the new sentence is consistent with the § 3553(a) factors and the Commission's Policy Statements. See 18 U.S.C. § 3582(c)(2). But those Policy Statements must be read as advisory after **Booker**. See **United States v. Hicks**, 472 F.3d 1167, 1170 (9th Cir. 2007)("[b]ecasue a 'mandatory system is no longer an open choice,' district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2)")(citing **Booker v. United States**, 543 U.S. 220, 263 (2005)); **United States v. Jones**, 2007 WL 2703122 (D. Kan. Sept. 17, 2007); **United States v. Forty Estremera**, 498 F.Supp.2d 468, 471-72 (D. P.R. 2007). Section 3582(c)(2)'s additional requirement that any sentence reduction be "consistent with applicable policy statements issued by the Commission" does not require a different result, first, because giving retroactive effect to the crack cocaine Amendment is fully consistent with the Commission's unanimous December 11th vote in favor of retroactivity and, second, because the Commission cannot use a policy statement to restrict a court's ability to comply with its statutory or constitutional sentencing obligations. See **Stinson v. United States**, 508 U.S. 36, 38 (1993) ("commentary in the Guidelines Manual that interprets or explains a Guideline is authoritative **unless it violates the Constitution**") (emphasis added); **Hicks**, 472 F.3d at 1172-73 ("to the extent that policy statements are inconsistent with **Booker**, by requiring that the Guidelines be treated as mandatory, the policy state-

ments must give way"). After Booker, Gall, and Kimbrough, this means that any statement on how 'courts should retroactively apply the crack cocaine Amendment --- including any limitations --- must be treated as merely advisory, and the sentencing court must have the discretion to reject that advice.' The original purpose behind the requirement that sentence reductions be consistent with Commission policy statements was to override the court's more general authority to depart from the guidelines under § 3553(b). See Hutchinson, Sent'g Law & Pract. § 1B1.10, n.2 (2007). Given that § 3553(b) was excised because it made the guidelines mandatory in all cases except those involving a circumstance of a kind or to a degree not adequately taken into consideration by the Commission, Booker, 543 U.S. at 234-35, 245-46, 259, it is unlikely that § 3582(c)(2) could be interpreted to require even stricter limitations on judicial discretion after Booker. See Booker, 543 U.S. at 265 (a "mandatory Guidelines system ... is not a choice that remains open").

Of course, as Petitioner anticipates, the government will no doubt argue that a § 3582(c)(2) proceeding is not a full resentencing to which sentencing protections (such as those established by Booker) apply; although revised § 1B1.10(a)(3) asserts that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant," this conflicts with the policy statement's directives to consider § 3553(a) factors, public safety, and post-sentence conduct, with the potential of increasing the sentence above the "minimum of the amended guideline range" or denying relief altogether, see

U.S.S.G. § 1B1.10(b)(1)(A) & comment. (n.1(B)). Because there was no counterpart to these instructions in the prior version of § 1B1.10, much of the case law describing the procedure required under that prior version is now obsolete. See, e.g., United States v. Swint, 2007 WL 2745767 (3rd Cir. Sept. 21, 2007) and United States v. Hudson, 242 Fed.Appx. 16 (4th Cir. 2007). Neither, however, have any persuasive effect. In Swint, the Third Circuit found that no retroactive amendment was applicable to the defendant who had already made repeated attempts to revisit his sentence via numerous procedural mechanisms. See Swint, at *2. In a footnote, the court also rejected the defendant's argument that he had a separate right to a § 3582(c)(2) resentencing under Apprendi and Booker. Id. at *2 n.1. There, the court tossed out in dicta that "[m]oreover, the scope of a sentencing court's inquiry under section 3582(c)(2) is limited to consideration of a retroactive amendment to the Sentencing Guidelines; section 3582(c)(2) does not entitle a defendant to a full de novo resentencing." For support, the Swint court cited to United States v. McBride, 283 F.3d 612 (3rd Cir. 2002), a pre-Booker and pre-Blakely case that relied on the then-mandatory § 1B1.10 to hold that a § 3582(c)(2) sentence reduction did not permit the court to revisit drug quantity under Apprendi. See McBride, 238 F.3d at 614-15. McBride's holding, which refused to extend Apprendi to a § 3582(c)(2) resentencing, was not surprising given that the Third Circuit had already (and, as it turned out, erroneously) held that Apprendi did not affect the federal sentencing guidelines in any respect. See United States v. Williams, 235 F.3d 858, 862-63 (3rd Cir. 2000). Given that

McBride addressed a different issue, and was following Circuit precedent that did not anticipate either Blakely or Booker, the Swint court's reliance on it should not be persuasive here.

The Fourth Circuit's decision in Hudson is equally unpersuasive. It is also an unpublished (Table) case that merely finds that the district court did not abuse its discretion or commit reversible error in failing to apply the guidelines as advisory under Booker to a § 3582(c)(2) resentencing, without any discussion or citation to any authority whatsoever. The government may also rely on United States v. Moreno, 421 F.3d 1217 (11th Cir. 2005), in which the 11the Circuit affirmed the district court's finding that the defendant was ineligible for a sentence reduction under § 3582(c)(2) because the amendment only potentially affected the selection of the applicable guideline and not the base offense level. It then also found that the court did not plainly err in refusing to reduce the defendant's sentence based on his post-sentencing conduct, in part, because it found that Booker did not provide a jurisdictional basis for or otherwise apply to a § 3582(c)(2) proceeding. Id. at 1220-21. Like the Third Circuit, the Eleventh Circuit simply found support for its proposition in pre-Booker Circuit case law which had relied on then-mandatory § 1B1.10 to hold that "a district court's discretion has, therefore, clearly been cabined in the context of a § 3582(c)(2) sentencing reconsideration." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Moreno should not be persuasive for the very same reasons that the Third Circuit's opinion in Swint is not --- it relies on pre-Booker case law that

itself was based on the language of a then-mandatory policy statement.

In contrast, however, the Ninth Circuit has held, and Petitioner, herein, argues:

> While § 3582(c)(2) proceedings do not constitute full resentencings, their purpose is to give defendants a new sentence. This resentencing, while limited in certain respects, still results in the judge calculating a new Guideline range, considering the § 3553(a) factors, and issuing a new sentence based on the Guidelines. The dichotomy drawn by the government, where full resentencings are performed under an advisory system while "reduction proceedings," or "modifications," rely on a mandatory Guideline system, is false ... Booker excised the statutes that made the Guidelines mandatory and rejected the argument that the Guidelines might remain mandatory is some cases but not in others.

See Hicks, 472 F.3d at 1171 (citing Booker, 543 U.S. at 263-66).

Regardless of whether § 3582(c)(2) resentencings constitute full de novo sentencings, they clearly require the corut to impose a sentence based upon its evaluation of the § 3553(a) factors, a process that cannot be circumscribed by a policy statement. The issue is analogous to pre-Booker cases in which courts held that once the authority to reduce a sentence under § 3582(c)(2) is triggered by the retroactive guideline, the sentencing court must consider all relevant statutory sentencing criteria currently in existence, even if such criteria did not exist at the time of the original sentencing and is otherwise unrelated to the triggering amendment. See United States v. Mihm, 134 F.3d 1353, 1355 (8th Cir. 1998)(in a § 3582(c) resentencing, district court can apply § 3553(f)'s safety valve to reduce sentence below the mandatory minimum because § 3553(f) is a general sentencing

consideration that the district court must take into account in exercising its present discretion under § 3582(c)(2); **United States v. Reynolds**, 111 F.3d 132 (Table)(6th Cir. 1997)(defendant eligible for § 3582(c)(2) resentencing is also eligible for reduction based on § 3553(f) because it applies "to all sentences that are imposed" after the statute's effective date); **United States v. Williams**, 103 F.3d 57, 58-59 (8th Cir. 1996)(in a § 3582(c)(2) resentencing, court can consider government's motion under § 3553 (e) to further reduce sentence for defendant's substantial assistance); **Settembrino v. United States**, 125 F.Supp.2d 511, 517 (S. D. Fla. 2000)("when faced with a Section 3582(c)(2) resentencing, a district court may consider grounds for departure unavailable to a defendant at the original sentencing, including safety valve relief of Section 3553(f)"); but see **United States v. Stockdale**, 129 F.3d 1066, 1068-69 (9th Cir. 1997), holding by contrast (district court cannot apply § 3553(f) to defendant being resentenced under § 3582(c)(2)). Thus, defendants who were initially sentenced before Congress enacted § 3553(f)'s safety valve were able to benefit from that statute during a § 3582(c)(2) resentencing for an unrelated retroactive amendment. Similarly, the government has been allowed to move under § 3553(e) for a sentence reduction for substantial assistance in a § 3582(c)(2) resentencing, even though § 3553(e) did not exist at the time of the defendant's initial sentencing and had nothing to do with the retroactive amendment giving rise to the § 3582(c)(2) jurisdiction. Like the defendants in the[se] above cited cases, defendants being resentenced under the crack cocaine Amendment, #9 ["706"], all receive their new sentence in the context of revised statutory

requirements, in which § 3553(b) has been excised and § 3553(a) is the governing law, and they must have the benefit of the statutory sentencing criteria in effect at the time of the § 3582(c)(2) resentencing. Thus, in that regard, where the United States Supreme Court held, in **Gall v. United States**, 168 L.Ed.2d 261 (2007), that, essentially, "all things are [now] relevant to sentencing" and, in **Kimbrough v. United States**, 169 L.Ed.2d 481 (2007), that sentencing courts [now] "have discretion to impose a non-guideline sentence", it is reasonably arguable that a full **de novo** resentencing hearing is required in this instance for Fifth and Sixth Amendment purposes.

Importantly, crack cocaine defendants are not seeking an extension of a Supreme Court decision, like those who argued for **Apprendi** rights at a § 3582(c)(2) hearing in cases like **McBride**. Rather, they are merely seeking to be sentenced under § 3553(a) as is currently applied in accordance with Supreme Court law. For this reason, it does not matter that the Commission's new policy statement purports to limit judicial discretion in various ways because the Commission "does not have the authority to amend" § 3553(a) or any other statute or to "interpret" such statutes in ways contrary to Supreme Court precedent. See **Neal v. United States**, 516 U.S. 284, 290, 295 (1996)(Commission "does not have the authority to amend [a] statute" by purporting to interpret it in ways contrary to the construction given it by the Supreme Court, and the Corut will "reject [the Commission's] alleged contrary interpretation"). In fact, the need for courts to apply § 3553 as interpreted by the Supreme Court is even more important

than in prior cases addressing substantial assistance and safety valve departures, because the **Booker** remedy was itself designed to avoid a Sixth Amendment violation: "**Booker** was not a mere statutory change which can be set aside to allow us to pretend it is [some other year] for the purpose of modifying [a] sentence; rather, it provides a constitutional standard which courts may not ignore by treating Guidelines ranges as mandatory in any context." **Hicks**, 472 F.3d at 1173.

In short, whether or not § 3582(c)(2) resentencings constitute full resentencings, equitable proceedings, or something in between, the district court must still treat a Commission policy statement as advisory or violate **Booker**. If § 1B1.10 is itself also advisory, so too is its "advice" that district courts limit or delay the reduction in the term of imprisonment imposed, that would otherwise be reduced by more than two (2) levels, is inconsistent with § 3553(a), which requires sentencing courts to impose a sentence that is "sufficient **but not greater than necessary** to satisfy the purposes of sentencing," and, thus, is contrary to § 3582(c)(2)'s requirement to consider the applicable § 3553(a) factors. Therefore, as stated above, it is reasonably arguable that where a court has determined that a defendant is eligible for consideration of the two (2) level reduction provided by the crack cocaine Amendment, #9 ["706"], pursuant to and in accordance with 18 U.S.C. § 3582(c)(2), and where a request has been properly made by a Petitioner, thereunder, a resentencing hearing should be Ordered and held as expeditiously as possible to resolve all other significant sentencing factors in the context

of § 3553(a) and under a now advisory sentencing guidelines system.

## IV. CONCLUSION

**WHEREFORE**, for all of the[se] above foregone reasons, all premises considered, Petitioner ever prays that this most Honorable court Grants him the relief(s), hereby, rightly sought and, thereby, enter an Order to Modify and/or, otherwise, Reduce the term of imprisonment imposed in the instant case, pursuant to and in accordance with 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c), based on Amendment #9 ["706"] to the Guidelines for "crack cocaine" offenses and offenders; further Order a full de novo Resentencing Hearing to more accurately determine the amount of reduction that would be applicable under the circumstances presented by the instant case, and also Order a "new", updated, Presentence Investigation ("PSI") Report (to include Petitioner's current status, conduct and history since he's been in the custody of the B.O.P.), so the court can properly calculate the applicable sentencing guideline range, and the appointment of counsel to assist Petitioner at the[se] requested resentencing proceedings or, in the alternative, any and all other relief(s) this court might, otherwise, deem more appropriate, fair and just.

Respectfully Submitted

Dated: 5 / 18 /2008

/s/ [signature]
Richard Vanenburg, Pro Se

RV/haa
cc: Personal Files

## CERTIFICATE OF SERVICE

I, **RICHARD VANENBURG**, the undersigned, do, hereby, solemnly swear (certify, verify, declare and state), under penalt[ies] of perjury ..., pursuant to and in accordance with 28 U.S.C. § 1746 ..., that the following is true and correct to the very best of my personal knowledge, information and belief(s) and, in that regard, further certify that on 5-18-08, 2008, I mailed copies of this Pro Se Motion and all attachments via first class mail to the following parties at the addresses listed below:

Office Of The Clerk
United States District Court
John O. Pastore, Federal Building,
Two Exchange Terrace
Providence, Rhode Island 02903-2431

(One (1) original and
(three (3) true and exact
(copies of same

United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor,
Providence, Rhode Island 02903

(One (1) true and exact
(copy of original

I also certify that this document was given to prison officials on 5-18-08, 2008, for purposes of Legal Mailing.

Dtaed: 5 / 18 / 08

/S/ [signature]
Richard Vanenburg, Pro Se