IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 05-121ML |
| | : | |
| RICHARD VANENBURG | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR SENTENCE REDUCTION PURSUANT
TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. § 1B1.10©

The defendant, Richard Vanenburg, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10©. Vanenburg's motion is grounded upon a 2007 amendment to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine.

On October 19, 2005, a federal grand jury returned a three count indictment against Vanenburg, charging him with one count of distributing five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of possession of a firearm after previously having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). The government subsequently filed an information pursuant to 21 U.S.C. § 851 notifying the court and the defendant of the

government's intention to seek an enhanced sentence based upon the defendant's two prior convictions for drug offenses.

Vanenburg entered guilty pleas to all three counts of the indictment on June 5, 2006. His sentencing guidelines calculation was set at Offense Level 23, Criminal History Category III. The sentencing range for that guideline range was 57 to 71 months imprisonment, but the statutory minimum mandatory sentence for Court I was 120 months. The Court, therefore, sentenced Vanenburg on September 7, 2006 to 120 months to serve on Counts I and III (concurrent) and an additional sixty months (consecutive) on Count II (the minimum mandatory consecutive sentence allowed by statute).

Vanenburg now claims that he is now entitled to relief under 18 U.S.C. § 3582 as a result of the Sentencing Commission's decision to retroactively apply their recent amendment to the crack sentencing guidelines. That amendment, however, is inapplicable to the defendant, as he was sentenced to a statutory mandatory minimum penalty.

The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant. See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994);

United States v. Hanlin, 48 F.3d 121, 124-25 (3d Cir. 1995); United States v. Pardue, 36 F.3d 429 (5th Cir. 1994); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996); United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997).

WHEREFORE, the government requests that this Court deny the defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Stephen G. Dambruch

Stephen G. Dambruch
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5049
401-709-5001 (fax)
stephen.dambruch@usdoj.gov
Bar # 3309

CERTIFICATION

I hereby certify that on the 5th day of June, 2008, I mailed a copy of the within Government's Response to:

Richard Vanenburg
Reg. No. 05619-070
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

/s/ Stephen G. Dambruch